Argued and submitted August 21, order modified in part; otherwise affirmed
October 3, 2001

Jaye O'NEIL,
*Respondent,*

*v.*

Theodore F. GOLDSMITH,
*Appellant.*

99-5122; A111581

33 P3d 377

Margaret H. Leek Leiberan argued the cause and filed the briefs for appellant.

Anna L. Davis argued the cause for respondent. With her on the brief was Tamara Kuennen.

Before Armstrong, Presiding Judge, Kistler, Judge, and Van Hoomissen, Senior Judge.

PER CURIAM

**PER CURIAM**

The trial court issued a permanent stalking protective order (SPO), which prohibits defendant from engaging in any intentional, knowing, or reckless contact with petitioner. Defendant appeals, arguing that his conduct did not warrant issuing a SPO and alternatively that the SPO is too broad. We affirm without discussion the ruling that defendant's conduct warranted issuing a SPO. We write only to address the scope of the order.

The SPO prohibits defendant from intentionally, knowingly, or recklessly engaging in 11 defined types of contact with petitioner. Only one of those 11 defined contacts— "[c]oming into the visual or physical presence of the petitioner"—is at issue. Defendant and petitioner live in a small town on the Oregon coast. Defendant argues that, given the size of the town, it is impossible for him to comply with this restriction. He argues that the restriction should either be removed or limited to intentionally coming into petitioner's presence. On *de novo* review, we conclude that a restriction on intentionally coming into petitioner's visual or physical presence is sufficient to protect petitioner and to allow defendant to carry on his daily activities within the town. *See K.H. v. Mitchell*, 174 Or App 262, 269, 27 P3d 130 (2001). Accordingly, we modify the SPO to prohibit intentionally coming into the petitioner's visual or physical presence. In all other respects, we affirm the SPO.

Order modified to prohibit intentionally coming into petitioner's visual or physical presence; otherwise affirmed.